## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES BUSSEY,
Plaintiff,

Civil Action No.: 1:25-cv-2624
VMC

v.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DELTA COMMUNITY
CREDIT UNION,
Defendants.

MAY 15 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

_____/

## PLAINTIFF'S MOTION TO OBJECT TO DEFENDANT'S MOTION TO REMAND AND SUPPORTING MEMORANDUM OF LAW

**COMES NOW,** Plaintiff **James Bussey, Pro Se,** and respectfully submits this **Motion to Object to Defendant's Motion to Remand and Supporting Memorandum of law, filed May 13, 2025.** This motion to remand is **procedurally defective, substantively void,** and must be stricken. This case was properly removed to this Court under **28 U.S.C. §§ 1331, 1441,** and **1446,** due to substantial federal claims under the **Truth in Lending Act (TILA), Fair Debt Collection Practices Act (FDCPA), RICO, 18 U.S.C. § 894,** and **42 U.S.C. § 1983** and judicial misconduct in Superior Court that violates the **Supremacy Clause, due process,** and **equal protection** of law.

Additionally, the presiding state court judge has refused to rule on more than **twenty-eight (28) motions** since **February 2025** — including those invoking **federal law, constitutional protections,**

**attorney misconduct,** motions for interrogatories, production of corporate and financial records, attorney disqualification, and multiple constitutional challenges. **The Superior court judge has refused to rule on any of them.** At the hearing on **May 6, 2025,** the judge **stated on the record** that she would not enforce the Constitution, TILA, or federal statutes. Plaintiff respectfully requests that Defendant's motion be stricken as void, and that this Court retain jurisdiction to protect Plaintiff's rights.

Meanwhile, defense counsel has **continued filing motions without providing any proof of licensure, oath of office, or FARA registration,** and has avoided all discovery and interrogatory responses. Plaintiff, as a Pro Se litigant, has been forced to **email filed motions directly to chambers,** violating standard procedure and creating unequal access.

---

## I. PATTERN OF JUDICIAL OBSTRUCTION AND ATTORNEY NONCOMPLIANCE

**The court has:**

- Failed to adjudicate any of the **28 motions** properly filed by Plaintiff.
- Ignored interrogatories and discovery requests.
- Allowed attorneys to file without demonstrating lawful authority to practice under the Georgia Attorney Act or federal law.

Plaintiff's motion for **Conflict of Interest** was ignored. His motion to **rescind the vehicle contract** under TILA and to enforce FDCPA and RICO claims was dismissed without explanation or due process. These repeated failures constitute **systemic obstruction of justice.**

## II. FEDERAL JURISDICTION IS PROPER

**Federal jurisdiction is supported by the following statutes:**

- **TILA (15 U.S.C. § 1601 et seq.):** Defendants failed to disclose finance terms related to the vehicle loan.
- **FDCPA (15 U.S.C. § 1692(e)):** Counsel acted as unlawful debt collectors.
- **RICO (18 U.S.C. § 1962):** Defendants and their counsel engaged in a coordinated pattern of deceptive filings and suppression.
- **12 C.F.R. § 1026.23:** Contract rescission under
- **18 U.S.C. § 894:** The threatened repossession without lawful process constitutes extortionate credit collection.
- **42 U.S.C. § 1983:** Due process violations. Plaintiff's constitutional rights were denied under color of state law.
  - ***Cooper v. Aaron,*** 358 U.S. 1 (1958)
  - ***Howlett v. Rose,*** 496 U.S. 356 (1990)

State courts are obligated to apply federal law. The judge's refusal to do so is disqualifying and compels this Court's intervention.

## III. STATE COURT JUDGE REFUSED TO RULE ON 28 + MOTIONS

- Interrogatories
- Booking of accounting records
- Corporate records
- Financial disclosures
- Unjust enrichment
- Constitutional challenges
- Conflict of Interest
- Attorney compliance with state and federal law

The attorneys have failed to answer discovery or provide lawful documentation. This is not ordinary litigation – it is a **systemic collapse of judicial responsibility.**

## IV. FEDERAL RICO ALLEGATIONS

Plaintiff's Amended & RICO Allegations

Plaintiff's Amended Complaint, filed **December 23, 2024 (Exhibit A),** named attorneys for Delta Community Credit Union as individual **RICO defendants** under **18 U.S.C. § 1962,** and asserted: See **Exhibit A** – Plaintiff's Amended Complaint, filed **December 23, 2024,** naming attorneys as individual **RICO defendants.**

## V. FEDERAL CLAIMS PROPERLY PRESENTED AND STILL PENDING

Plaintiff filed an **Amended Complaint on December 23, 2024 (Exhibit A).** The state court has not ruled on it. None of the claims have been dismissed, and all remain active. The federal claims include:

### TILA (15 U.S.C. § 1601 et seq.)

Plaintiff lawfully rescinded the vehicle contract. Defendants failed to make the required disclosures about key finance charges, interest rates, and repayment terms under Regulation Z, on a vehicle installment agreement. Under **12 C.F.R. §§ 1026.17** and **1026.23,** the contract is voidable, and Plaintiff properly filed a motion to rescind, which the court ignored. This failure authorizes rescission and renders the vehicle contract unenforceable.

### FDCPA (15 U.S.C. § 1692(e))

Defense counsel acted as debt collectors while misrepresenting legal authority and failed to follow lawful procedures. Defense counsel falsely claimed the right to collect the alleged debt and threatened repossession without validation of the contract or proper licensing. Defendants mispresented authority to collect and failed to validate the alleged debt, in violation of federal collections laws. They never proved authority to collect or enforce anything.

## Racketeer Influenced and Corrupt Organizations Act RICO (18 U.S.C. § 1962)

Plaintiff named defense counsel as individual RICO defendants for a repeated pattern of fraudulent conduct and financial manipulation. Defendants and their attorneys engaged in a **pattern of racketeering** — including submitting forged contracts, avoiding discovery, and colluding with judicial inaction to suppress due process. A motion identifying defense attorneys as RICO defendants remains unruled.

## Unjust Enrichment

Plaintiff made payments toward a contract that lacked validity, transparency, and lawful enforcement. Defendants accepted payments without lawful contract execution or federal disclosures and have retained funds that Plaintiff is entitled to recover. Defendants have wrongfully retained these funds.

## Rescission under 12 C.F.R. § 1026.23

Defendants failed to make mandatory disclosures. Required finance disclosures were not provided in connection with the vehicle loan, justifying rescission. Plaintiff lawfully rescinded within the 3-year window.

## 18 U.S.C. § 894 – Extortionate Credit Collection

Defendants attempted to intimidate Plaintiff by using **extortionate collection methods** against the Plaintiff, to force compliance under

threat of repossession, without a valid, signed contract or licensure— while refusing to verify the legality of their documents. This constitutes federal criminal conduct.

## 42 U.S.C. § 1983

Defendants, working in tandem with state officials, state actors, deprived Plaintiff of federal constitutional rights under color of law — including access to the courts, due process, and equal protection.

- **Truth in Lending Act (TILA)** violations
- **FDCPA** violations
- **RICO** claims
- **Constitutional claims under 42 U.S.C. § 1983**
- **Unjust enrichment**
- **Contract rescission** under **12 C.F.R. 1026.23**

**VI.** The **Superior Court judge refused to rule on 28 motions,** stating on the record that she would not honor federal laws, including constitutional claims, the **Georgia Attorney Act,** the **FARA statute,** or **Federal Rule 5.1.** This constitutes **judicial obstruction** and violates the **Supremacy Clause** (U.S. Const. Art. VI) and **Plaintiff's due process rights** under the **Fifth and Fourteenth Amendments.**

## VII. Defendant's Motion to Remand was filed without a sworn affidavit and should be stricken as procedurally defective.

Additionally, Defendant has:

- Failed to respond to interrogatories
- Ignored motions for corporate records and booking of accounting records
- Failed to produce a valid, signed contract establishing lawful debt

## VIII. DEFENDANT'S MOTION TO REMAND IS VOID

- No sworn affidavit supports the motion.
- The motion fails to cite **28 U.S.C. § 1447(c)** or any valid remand standard.
- Does not address the state court's failure to rule on any motions
- It **does not rebut Plaintiff's amended** complaint or federal claims.
- It was filed by attorneys who have not proven lawful authority to appear.
  - *Marbury v. Madison, 5 U.S. 137*: "All laws repugnant to the Constitution are null and void."
  - *People v. California:* Unauthorized practice of law is void.

No valid vehicle contract has been presented. The alleged agreement lacks **dual signatures,** and therefore no enforceable debt exists.

## IX. REMAND WOULD RESULT IN IRREPARABLE HARM

On **May 6, 2025,** the Superior Court judge stated on record that she would not honor Constitutional laws. Returning this case to a judge who has openly **refused to enforce the Constitution** would irreparably deny Plaintiff's rights. Plaintiff has been denied due process, discovery, and basic legal equality.

The following constitutional mandates have been disregarded:

- **Article I, Section 10** – The debt was based on fiat currency in violation of lawful money protections. Contracts based on unconstitutional tender are void. No valid money of account was provided; debt demanded in unconstitutional fiat currency. No valid tender disclosed in contract. (prohibits states from making anything but gold/silver legal tender)

- **Article II, Section 1** – Defense counsel's allegiance to the BAR creates a conflict with constitutional duties. Attorneys swear allegiance to the BAR, not the Constitution, creating a dived loyalty and conflict of interest. BAR allegiance constitutes foreign conflict of interest. (attorney oath to BAR, foreign allegiance) Defense attorneys have not taken a valid constitutional oath and operate under BAR allegiance. See *Schware v. Board of Bar Examiners,* 353 U.S. 232 (1957).

- **Article VI, Clause 2 (Supremacy Clause)** – The U.S. Constitution is the highest law of the land and overrides all contrary state rulings. State courts are bound to apply it. Federal law is supreme

- **Georgia Attorney Act/FARA:** Defense counsel has failed to present proof of licensure from the Georgia Supreme Court or FARA registration required by law under 22 USC § 612.
- **Public Law 73-10** – Recognizes obligations in gold/silver abolished, affirming challenges to fiat-based contracts. Abolishes forced debt under fiat currency Establishes no lawful requirement to repay debt in gold or silver. Federal policy now acknowledges the role of credit, not lawful money.
- **Federal Rule 5.1** – Plaintiff notified the court of constitutional issues. When a party challenges the constitutionality of a law, the court must notify the Attorney General. The judge failed to notify the U.S. Attorney General, violating federal procedure. The judge refused to comply.

Her refusal to adjudicate these claims is a violation of the U.S. Constitution and necessitates federal jurisdiction.

---

## X. DEFENDANT'S MOTION TO REMAND IS PROCEDURALLY VOID, SUBSTANTIVELY DEFICIENT AND LEGALLY DEFECTIVE

**Defendants filed the motion to remand:**

- It was **filed by attorneys who have not proven lawful standing**
- The motion was filed **without a sworn affidavit**
- It cites no law under **28 U.S. C. §1447**
- It fails to rebut Plaintiff's amended complaint or federal claims.
- Without addressing jurisdictional law
- While failing to respond to interrogatories

- Without proving the existence of a valid contract (**no dual signatures, in violation of 15 U.S.C. § 1**)
- Defendant **never produced a valid, signed contract.** A contract lacking two signatures is unenforceable under **15 U.S.C. § 1** and common law.

Their motion is **void ab initio,** deceptive, and must be stricken.

Their motion is void and misleading – a last minute attempt to retreat back into a state court where they have received **unquestioned protection.** See *Dennis v. Sparks,* **449 U.S. 24 (1980):** judicial immunity does not shield private actors who conspire with judges to deny rights.

## XI. CONFLICT OF INTEREST AND MISUSE OF CLERK SYSTEM

Plaintiff filed a **Motion of Conflict of Interest** based on relationships between the judge and defense attorneys. The motion was never ruled on.

Further, Plaintiff was instructed by the judge to **email filings to her and the judge's staff,** even though they were already submitted through official channels. This is improper and burdens **Pro Se** litigants unfairly. This raises serious concerns under **due process and Rule 5.** This gatekeeping obstructed Plaintiff's access to justice.

## XII. REMAND/RETURN TO STATE COURT WOULD BE UNCONSTITUTIONAL AND CAUSE IRREPARABLE HARM

If this case is remanded, Plaintiff will be returned to a court where the judge has **admitted her refusal to enforce constitutional rights and federal law** is unjust and unconstitutional. That constitutes:

- Federal claims being ignored
- Constitutional filings are buried
- Transcripts and motions are withheld
- Irreparable harm
- Bias
- Defense attorneys are shield from accountability
- Judicial nullification of the Constitution

The Superior court has **refused to apply the Constitution, TILA, FDCPA,** and other statutes.

- ***Cooper v. Aaron,* 358 U.S. 1 (1958):** All State judges are bound to uphold the Constitution and federal precedent.
- ***Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009)**—Even the appearance of bias violates due process.
- ***Howlett v. Rose,* 496 U.S. 356 (1990)**—State courts must **hear** federal claims.

This is not just appearance—It is active obstruction.

## XIII. SUPPRESSION OF TRANSCRIPTS AND COMMUNICATIONS

On **May 11, 2025,** Plaintiff submitted a **formal request for the May 6, 2025, court hearing transcripts and disclosure of all ex**

**parte communications (See Exhibit B).** To date, the court has failed to respond. Further denying Plaintiff his right to review and transparency. The continued suppression of transcripts and undisclosed communications violates Plaintiff's due process rights and impairs federal review. See **Exhibit B** – Plaintiff's formal email request for the **May 6, 2025** transcript and **ex parte communications,** submitted to the court and defense counsel.

## XII. PRO SE LITIGANT/INVOKE 42 USC § 1983

Plaintiff proceeds **Pro Se** and is entitled to liberal construction of pleadings under *Haines v. Kerner,* **404 U.S. 519 (1972).** The refusal to rule on multiple motions filed by a Pro Se litigant violates the Plaintiff's right to access the courts and constitutes unconstitutional bias. Plaintiff invokes **42 U.S.C. § 1983** for deprivation of constitutional rights **under color of law.**

## XIII. RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Court:

**1. STRIKE** Defendant's Motion to Remand as procedurally and constitutionally defective;

**2. AFFIRM** that this Court has jurisdiction over all federal claims raised by Plaintiff under **28 U.S.C. §§ 1331, 1441, and 1446;**

**3. ACKNOWLEDGE** the Amended Complaint and the pending RICO claims against defense counsel;

**4. ORDER** that the Superior Court fully transmit the full state court record and **May 6** hearing transcript;

**5. DECLARE** that remand would result irreparably constitutional harm and denial of justice. Plaintiff's constitutional rights have been violated;

**6. GRANT** any other further relief this Court deemed just and necessary.

## XIV. EXHIBIT LIST

**Exhibit A:** Plaintiff's Amended Complaint **(filed December 23, 2024)** – includes **RICO** claims against Defendants and their counsel

**Exhibit B:** Plaintiff's formal written request **(May 11, 2025)** for hearing transcript and disclosure of all ex parte communications

**Respectfully submitted,**
**Date: May 15, 2025**

**By:**_____
**/s/James Bussey**
James Bussey
*Pro Se, Plaintiff*
455 Liberty Trace
Roswell, Georgia 30076
404-393-3925
**Email: jamesbussey72@yahoo.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **15ᵗʰ day** of **May 2025,** a true and correct copy of the foregoing **Plaintiff's Motion to Object to Defendant's Motion to Remand and Supporting Memorandum of law** was served via **CM/ECF** and/or **FedEx Mail**, to:

- Counsel for Delta Community Credit Union

**Brooks & Warner, LLC.**
Attorneys: Michael E. Brooks, Esq.
Jill Warner, Esq.
Brooks & Warner LLC
1768 Century Boulevard NE
Suite B
Atlanta, Georgia 30345
**Email: mbrooks@brooksandwarner.com,**
**jwarner@brooksandwarner.com**

**By:** _James Bussey_

**/s/James Bussey**
James Bussey
*Pro Se, Plaintiff*
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
**Email: jamesbussey72@yahoo.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES BUSSEY,
Plaintiff,

Civil Action No.: 1:25-cv-2624

v.

DELTA COMMUNITY
CREDIT UNION,
Defendants.

_____/

James Bussey
*Pro Se, Plaintiff*
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
**Email: jamesbussey72@yahoo.com**

**Date:** May 15, 2025

**Clerk of Court**
U.S. District Court for the Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303

**RE: Filing – Emergency Motion for Judicial Oversight and Supplement to Notice of Removal**

**Civil Action No.: 1:25-cv-2624 – James Bussey v. Delta Community Credit Union.**

Dear Clerk of Court,

Please find enclosed for filing in the above-referenced matter the following documents:

**1. Emergency Motion for Judicial Oversight and to Enforce Removal under 28 U.S.C. § 1446(d)**

**2. Supplement to Notice of Removal**

**3. Certificate of Service**

Kindly file these documents in the record and forward them to the assigned judge. If there are any issues or further instructions, please contact me at the phone number or email provided above.

Thank you for your attention and assistance.

Sincerely,

_____

**James Bussey**

*Pro Se, Plaintiff*

**James Bussey**
*Pro Se, Plaintiff*
455 Liberty Trace
Roswell, Georgia 30076
404-993-3925
Email: **jamesbussey72@yahoo.com**

**Date:** May 15, 2025

**Clerk of Court**
U.S. District Court for the Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303

**RE: Filing – Emergency Motion for Judicial Oversight and Supplement to Notice of Removal**

**Civil Action No.: 1:25-cv-2624 – James Bussey v. Delta Community Credit Union**.

Dear Clerk of Court,

Please find enclosed for filing in the above-referenced matter the following documents:

**1. Emergency Motion for Judicial Oversight and to Enforce Removal under 28 U.S.C. § 1446(d)**

**2. Supplement to Notice of Removal**

**3. Certificate of Service**

Kindly file these documents in the record and forward them to the assigned judge. If there are any issues or further instructions, please contact me at the phone number or email provided above.

Thank you for your attention and assistance.

Sincerely,

/s/ James Bussey

*Pro Se, Plaintiff*

Fulton County Magistrate Court
***E-FILED***MO
Date: 12/23/2024 9:52 AM
Che Alexander, Clerk
24MS214414

## IN THE MAGISTRATE COURT OF FULTON COUNTY
## STATE GEORGIA

**JAMES BUSSEY**           **CASE NO. 24MS214414**   $E \times A$
  **Plaintiff,**

**v.**

**DELTA COMMUNITY**
**CREDIT UNION**
  **Defendant.**

## PLAINTIFF'S AMENDED MOTION FOR VIOLATIONS OF THE RICO ACT, ELECTRONIC FUNDS TRANSFER ACT, AND ADD DEFENDANT'S DELTA COMMUNITY CREDIT UNION, ATTORNEY MICHAEL E. BROOKS AND ATTORNEY JILL WARNER

   **COMES NOW,** Plaintiff, **James Bussey, pro se,** and respectfully submits this **Motion to Amend** the Complaint to include additional claims and defendants in the above-captioned case. Plaintiff also responds to Defendants' Motion to Transfer the Case to **Superior Court** and provides the following:

## I.   INTRODUCTION

Plaintiff seeks to amend the complaint to add **Delta Community Credit Union, Attorney Michael E. Brooks,** and **Attorney Jill Warner** as defendants for their violations of federal and state laws, including the

RICO Act (18 U.S.C. §§1961-1968), extortion (18 U.S.C. §894), mail fraud (18 U.S.C. §1341), and various provisions of Title 15 of the United States Code. Plaintiff also asserts claims under 7 CFR 3555.108, the Electronic Funds Transfer Act, and Georgia contract law, and 7 CFR 1951.15.

---

## II.    FACTUAL BACKGROUND

1.  Plaintiff rescinded the contract on loan account number **018125666** on four occasions: **June 6, 2024, July 6, 2024, July 20, 2024,** and **September 6, 2024.** Defendants ignored Plaintiff's rights under **Title 15 U.S.C. §1635(f).  (See Exhibit C & G).**

2.  Defendant **Delta Community Credit Union** failed to provide evidence of loss or consideration in connection with the disputed loan, violating federal and **Georgia contract law.** Plaintiff's **certified UCC-11** filing in **Superior Court** confirms there is no active debt. **(See Exhibit A).**

3.  Plaintiff's **DMV** report shows the vehicle associated with the loan was fully paid off as of **May 7, 2024. (Refer to DMV report) (See Exhibit B)**

4. Defendants transferred funds electronically without Plaintiff's consent, violating the **Electronic Funds Transfer Act. (See Exhibit D).**

5. Defendants used the **U.S. mail system** to send fraudulent documents and misrepresentations regarding the alleged debt, constituting **mail fraud** under 18. U.S.C. §1341.

6. Plaintiff alleges the contract lacks validity under **Georgia contract law,** as it does not include two signatures or equal consideration. Defendant **Delta Community Credit Union** never signed the contract nor provided consideration.

7. Plaintiff requests the return of all funds on all open accounts, the title to the vehicle associated with account number **0118125666,** and the return of all **promissory notes** associated with the accounts in question, as required by **7 CFR 1951.15.**

8. Additionally, Plaintiff asks this Court to honor the rescission letters sent on **June 6, 2024, July 6, 2024, July 20, 2024,** and **September 6, 2024,** as required by **Title U.S.C. §1635(f). (See Exhibit C)**

**Relevant Case Law**

- *Jesinoski v. Countrywide Home Loans, Inc.,* 574 U.S. 259 (2015): Borrowers do not need a court order to rescind a contract within the statutory timeframe under **TILA (3 years).**

- *Brown v. Commercial Corp.,* 844 F.2d 725 (11th Cir. 1988): Repossession and debt enforcement must comply with contractual and statutory obligations.

- *United States v. Maze,* 414 U.S. 395 (1974): Fraudulent use of the mail system constitutes mail fraud under 18 U.S.C. §1341.

## C. Violations of 7 CFR 3555.108 and Georgia Contract Law

1. Defendants failed to comply with federal loan servicing guidelines under 7 CFR 3555.108(a)(c). (See Exhibit E).

2. **7 CFR 1951.15** mandates the return of all promissory notes and related loan documents upon the satisfaction of the debt or termination of the contract.

3. Under **Georgia law,** a valid contract requires mutual assent, consideration, and signatures from both parties. Defendants failed to meet these requirements.

## III   LEGAL BASIS FOR CLAIMS

### A. Violations of the RICO Act (18 U.S.C. §1961-1968)

**Defendants engaged in a pattern of racketeering activity, including:**

- Extortion (18.U.S.C. §894).
- Fraudulent activities involving the transfer of funds without consent.
- Systematic denial of Plaintiff's rights under **federal** and **state law.**
- Use of the U.S. mail system to perpetuate fraud **(mail fraud under 18 U.S.C. §1341).**

### B. Violations of Title 15 of the U.S. Code

1. **Title 15 U.S.C. §1602(g) and Title 15 U.S.C. §1635(f):** Defendants failed to validate the debt and ignored Plaintiff's rescission requests.

2. **Title 15 U.S.C. §44:** Defendants failed to provide corporate, financial, and booking of account records as documentary evidence of the alleged debt.

3. **Title 15 U.S.C. §1:** Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. **(See Exhibit F).**

**D. Violations of the Electronic Funds Transfer Act**

Defendants **electronically transferred funds** from one account to another without Plaintiff's consent, violating **federal statutes** designed to protect consumers.

**E. Violations of Mail Fraud Statutes (18 U.S.C. §1341).**

Defendants used the **U.S. Postal Service** to send fraudulent statements and misrepresentations regarding the alleged debt, constituting **mail fraud.** This act further supports Plaintiff's **RICO** claims by establishing a predicate act of racketeering.

## IV. RELIEF REQUESTED

**Plaintiff seeks to amend the complaint to:**

1. Add **Delta Community Credit Union, Attorney Michael E. Brooks,** and **Attorney Jill Warner** as defendants.

2. **Assert claims for:**
   - **RICO** violations **($80,000 per defendant).**
   - **Extortion** and unauthorized transfers.
   - Violations of federal loan servicing guidelines and the **Electronic Funds Act.**
   - **Breach of contract** under **Georgia law.**
   - **Mail fraud.**

## 3. Request:

- The return of all funds paid on all open accounts.
- The title to the vehicle associated with account number **0118125666.**
- The return of all promissory notes associated with the accounts in question under **7 CFR 1951.15.**
- Recognition and enforcement of Plaintiff's rescission letters under **Title 15 U.S.C. §1635(f).**

## 4. Include the following exhibits:

- **Exhibit A:** Certified **UCC-11** filing showing no active debt.
- **Exhibit B: DMV** report showing the vehicle was paid off dated **May 7, 2024.**
- **Exhibit C:** Copies of rescission notices dated **June 6, 2024, July 6, 2024, July 20, 2024,** and **September 6, 2024.**
- **Exhibit D:** Evidence of unauthorized **electronic fund transfers.**
- **Exhibit E: (7 CFR 3555.108(a)(c).**
- **Exhibit F: (Title 15 U.S.C. Section 1).**
- **Exhibit G: Certified receipt** to show they received **certified mail**

## V. <u>CERTIFICATE OF SERVICE</u>

**I hereby certify** that on this **23rd day of December 2024,** a true and correct copy of this **Motion to Amend the Complaint** was served on all parties via **Fed Ex Mail** to: **Delta Community Credit Union, 3300 Riverwood Parkway, Suite #100, Atlanta, Georgia, 30039, Attorney Michael E. Brooks** and **Attorney Jill Warner of BROOKS & WARNER LLC, 1768 Century Boulevard NE, Suite B, Atlanta, Georgia, 30345.**

**Respectfully submitted.**
**December 23, 2024.**

**By:** James Bussey

**James Bussey Pro se**
**455 Liberty Trace**
**Roswell, Georgia 30076**
**404-993-3925**
JamesBussey72@yahoo.com
**Pro Se Plaintiff**

## Fw: FORMAL REQUEST TO DOCUMENT EX PARTE COMMUNICATIONS CASE # 25CV002284

From: James Bussey (jamesbussey72@yahoo.com)

To:

$E \times B$

Date: Wednesday, May 14, 2025 at 04:54 PM EDT

—— Forwarded Message ——
From: James Bussey <jamesbussey72@yahoo.com>
To: Brittney Green <brittney.green@fultoncountyga.gov>
Cc: Michael Brooks <mbrooks@brooksandwarner.com>
Sent: Sunday, May 11, 2025 at 10:43:31 PM EDT
Subject: FORMAL REQUEST TO DOCUMENT EX PARTE COMMUNICATIONS CASE # 25CV002284

Dear Mrs Green

Pursuant to State Rule / Federal Rule 2.9  i am requesting immediate disclosure of :
-Any ex parte communications between this court and defense counsel regarding the case 25CV002284.
-The date, Time. and content of any such calls/emails.
-i am copying myself on this request to ensure transparency also i need this response by end of the day monday 12
2025 to include in my judicial misconduct complaint.
If no contact occurred, please confirm in writing.

Respectfully
James Bussey