IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BUSSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | |
| ) | No. 1:25-CV-2624-VMC-JEM |
| DELTA COMMUNITY CREDIT ) | |
| UNION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR EXPEDITED RULING ON ITS
MOTION TO REMAND AND SUPPORTING BRIEF**

Defendant Delta Community Credit Union (the "Credit Union") respectfully moves the Court to expedite its ruling on Defendant's Motion to Remand and Supporting Memorandum of Law filed May 13, 2025 ("Motion to Remand"), because Plaintiff James Bussey's purported transfer of this case from the Superior Court of Fulton County, docketed as a removal, is clearly improper and is intended to and is having the effect of delaying, confusing and complicating the handling of this case by the Superior Court.

The Credit Union is the defendant in the Superior Court action, opposing Plaintiff and seeking to recover from him by counterclaim his indebtedness to the Credit Union. The law unquestionably does not allow a plaintiff to remove the action he filed in state court to federal court. See Shamrock Oil & Gas Corp. v. Sheets, 313

U.S. 100, 103-09 (1941) (affirming ruling by Fifth Circuit Court of Appeals remanding action to state court because the plaintiff, who was the subject of a counterclaim or cross-action for damages, was not a "defendant" within the meaning of the removal statute); Bowling v. U.S. Bank Nat'l Ass'n, 963 F.3d 1030, 1040 (11th Cir. 2020) (only a defendant to the original action may seek to remove a case under 28 U.S.C. § 1441(c)).

Plaintiff has sought to delay, confuse and obstruct the Superior Court action by filing amended pleadings and approximately thirty motions. Judge Williams was dealing with that and with the Credit Union's motion for summary judgment, to Plaintiff's consternation, thereby prompting Plaintiff's groundless "transfer" to this Court. For a litigant like Plaintiff, who is unconcerned about Rule 11 sanctions, the only way a court can meaningfully remedy filings interposed for the purpose of delay is not to delay.

For the foregoing reasons, the Credit Union respectfully submits that the Court should expedite its ruling on the Motion to Remand.

Respectfully submitted.

/s/Michael E. Brooks
Michael E. Brooks
Georgia Bar No. 084710
mbrooks@brooksandwarner.com

BROOKS & WARNER LLC
1768 Century Boulevard NE, Suite B
Atlanta, Georgia  30345
(404) 681-0720 – Brooks Direct

| | |
|---|---|
| (404) 681-0730 – Warner Direct<br>(404) 681-0780 – Fax | Jill Warner<br>Georgia Bar No. 378472<br>jwarner@brooksandwarner.com<br><br>Attorneys for Defendant and Counterclaimant Delta Community Credit Union |

### CERTIFICATION AS TO FONT AND POINT SELECTION

In accordance with Local Rule 7.1(D), the undersigned certifies that this brief was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

/s/Michael E. Brooks
Michael E. Brooks

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2025, I electronically filed the foregoing DEFENDANT'S MOTION FOR EXPEDITED RULING ON ITS MOTION TO REMAND AND SUPPORTING BRIEF with the Clerk of the Court using the CM/ECF system and served Plaintiff with a copy thereof by email to [jamesbussey72@yahoo.com](mailto:jamesbussey72@yahoo.com) and by depositing it in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to the following:

>Mr. James Bussey
>455 Liberty Trace
>Roswell, Georgia 30076

>/s/Michael E. Brooks
>Michael E. Brooks
>
>Counsel for Defendant and Counterclaimant
>Delta Community Credit Union